**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                               **Criminal No. 3:01cr25-01**

**CHARLES E. RASH,**

    **Defendant.**

### ORDER

On September 4, 2007, the Court received a document from Charles Rash ("Rash") styled for the instant case and titled "Petition for Writ of Judgment Order." In the petition, Rash asserts that while serving a sentence in the State of Maryland, he was transferred to the custody of the Federal Marshals for trial. He further asserts that he was sentenced on July 8, 2002 to a term of 151 months, and his sentence was ordered to begin on January 3, 2002. Thereafter, he was returned to the custody of the State of Maryland, where he finished his state sentence on August 16, 2006. Rash now alleges that the Bureau of Prisons (BOP) has not awarded him credit for time served since January 3, 2002. For this reason, Rash asserts that the BOP's computation of his federal sentence is erroneous and seeks credit on that sentence for the time he was in state custody following imposition of his federal sentence.

Upon review of the Rash's petition, it is clear that his request is actually a challenge to the computation of his federal sentence. Such challenges are properly brought pursuant to a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Preiser v. Rodriguez, 411 U.S. 475, 487-488

(1973) (recognizing that a challenge to the calculation of an inmate's sentence is within the core of habeas corpus as it directly effects the length of confinement). Therefore, the Clerk is directed to terminate Rash's Petition for Writ of Judgment (Doc. 623) filed in the instant criminal case as well as his Application to Proceed Without Prepayment of Fees (Doc. 622). Using the Petition, the Clerk is further directed to initiate a § 2241 habeas case on Rash's behalf and file the Application to Proceed Without Prepayment of Fees in that case.[1]

IT IS SO ORDERED.

The Clerk is directed to file this Order electronically and also to mail a copy of this Order to Rash and any counsel of record.

DATED: January 31,2008.

                                                 /s/ James E. Seibert
                                                 JAMES E. SEIBERT
                                                 UNITED STATES DISTRICT JUDGE

---

[1] In an effort to avoid any possible confusion in plaintiff's § 2241 habeas case because of the way in which the original pleading is titled and/or styled, upon initiation, the Clerk should reference this Order in the initial docket entry so the record clearly reflects the unusual procedural history of the plaintiff's request.